IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:04-CR-8 |
| v. : | |
| : | (Judge Kane) |
| MICHAEL RICHMAN, : | |
| Petitioner : | |
| : | |

**MEMORANDUM**

On January 7, 2004, Petitioner Michael Richman, a Jamaican citizen, was charged in a one-count indictment with illegally re-entering the United States after he had previously been convicted of an aggravated felony and removed from the country, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and 6 U.S.C. §§ 202(3) and (4) and 557.  (Doc. No. 1.)  Petitioner was arraigned on January 27, 2004 and entered a plea of not guilty.

On February 20, 2004, Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to the crime of illegal re-entry and to accept responsibility in exchange for the Government agreeing, inter alia, to recommend that the Court grant Petitioner a three-level reduction in the Petitioner's offense level.  (Doc. No. 13.)  The plea agreement advised Petitioner that the maximum sentence that could be imposed for the offense was a term of imprisonment of up to 20 years, in addition to a fine of $250,000 and the imposition of various costs.  (Id.)  On March 5, 2004, Petitioner changed his plea to guilty following a hearing before this Court.

On June 21, 2004, this Court sentenced Petitioner to 70 months imprisonment, a $100 special assessment, and a $400 fine.  The Court subsequently entered Petitioner's judgment and commitment on June 23, 2004.  Petitioner did not take a timely direct appeal of his conviction or

sentence. Petitioner's conviction and sentence therefore became final as of July 4, 2004. See Fed. R. App. P. 4(b)(1)(A)(i) (defendant must file notice of appeal with the district court within ten days after the entry of judgment).

On January 13, 2006, Petitioner moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 32.) Petitioner advances two arguments in support of his motion. First, Petitioner claims that this trial counsel was ineffective as a matter of law for incorrectly calculating Petitioner's sentencing range, and for failing to take a timely appeal of Petitioner's sentence. Second, Petitioner claims that on January 12, 2005, the United States Supreme Court ruled that the mandatory provisions of the United States Sentencing Guidelines were unconstitutional and therefore the sentence imposed by this Court should be vacated. The United States filed a brief in opposition to Petitioner's motion. The motion is now ripe for disposition and will be denied.

**I.   Discussion**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255 (2004). However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (quoting United States v. Hill, 368 U.S. 424, 428 (1962)).

Furthermore, § 2255 generally limits a federal prisoner's ability to attack the validity of his sentences to cure jurisdictional errors and errors which rose to the level of a constitutional violation.  United States v. Timmreck, 441 U.S. 780, 783-84 (1979).

The decision whether to hold a hearing when a prisoner moves to vacate a judgment under § 2255 is left to the sound discretion of the district court.  Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  In general, if a petitioner raises an issue of material fact, a district court must afford a hearing in order to determine the truth of the prisoner's allegations.  Essig, 10 F.3d at 976.  However, a prisoner is not entitled to a hearing if the allegations set forth are contradicted conclusively by the record or if the allegations are patently frivolous.  Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001).

    A.    **Statute of Limitations**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions brought pursuant to 28 U.S.C. § 2255 must be filed within one year from the date on which a petitioner's conviction becomes final.  28 U.S.C. § 2255.  The AEDPA's statute of limitations period is not jurisdictional in nature but instead constitutes an affirmative defense that the United States may waive.  United States v. Bendolph, 409 F.3d 155, 160 (3d Cir. 2005) (en banc) (citations omitted).  In Bendolph, the majority of the United States Court of Appeals for the Third Circuit held that upon finding a potential AEDPA statute of limitations problem in a habeas case arising under § 2255, a court may raise a statute of limitations issue sua sponte at any point during the proceedings, regardless of the Government's position, provided the court gives notice of the issue and an opportunity to respond, and analyzes any potential prejudice that may befall the petitioner by raising the defense.  Id. at 169.

In this case, Petitioner's conviction and sentence became final as of July 4, 2004. Therefore, any timely motion brought pursuant to § 2255 had to have been filed not later than July 3, 2005. Petitioner did not file his motion to vacate his sentence until January 13, 2006 – roughly 18 months after his conviction became final.[1] Although Petitioner claims to have filed a motion seeking mandamus relief with the Third Circuit that was reportedly denied on December 15, 2005, nothing in this representation has a bearing on whether Petitioner's instant § 2255 motion is itself timely or subject to principles of equitable tolling. Nevertheless, the United States has elected not to assert as an affirmative defense that the pending motion is untimely, and the Court declines to raise this issue <u>sua sponte</u>, which would require both providing Petitioner with notice and an opportunity to respond, followed by analysis of any potential prejudice to Petitioner's interests that resulted. The Court will instead turn to the merits of Petitioner's motion.

**B.     Ineffective Assistance of Counsel**

Petitioner contends that his trial counsel, Gregory B. Abeln, was ineffective as a matter of law in failing to file a timely appeal of Petitioner's conviction and sentence. Although not exactly clear from the motion, it appears Petitioner is arguing that he agreed to plead guilty to the crime of illegal re-entry "on condition that he be sentenced within the range of 41 to 51 months" and that Petitioner agreed to such a sentence pursuant to the advice of his attorney. (Doc. No. 32.) Petitioner also claims that following the Supreme Court's ruling in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), striking down Washington State's sentencing guidelines, he "was

---

[1]     Petitioner dated the motion January 5, 2006, but it was not filed with this Court until January 13, 2006.

interested" in appealing his sentence due to his belief that he had a "Blakely issue." (Id.) Petitioner asserts that his counsel failed to file a timely appeal on the grounds that Petitioner's sentence violated Blakely.

  To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness and (2) the errors of counsel prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984). A petitioner must satisfy both of the Strickland prongs in order to maintain a claim of ineffective counsel. George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). Specifically, the first Strickland prong requires a petitioner to "establish first that counsel's performance was deficient." Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This prong requires a petitioner to show that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. Id. Additionally, the petitioner must demonstrate that counsel's representation was below an objective standard of reasonableness under prevailing professional norms. Id. "There is a 'strong presumption' that counsel's performance was reasonable." Id. (quoting Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996).

  Under the second Strickland prong, a petitioner "must demonstrate that he was prejudiced by counsel's errors." Id. This prong requires the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." Id.

  In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that a claim of ineffective assistance of counsel in the context of a guilty plea is subject to the same standard of

5

attorney competence as set forth in the first prong of Strickland. 474 U.S. at 58-59. However, where the collateral challenge is to a plea of guilty rather than a trial verdict, the "prejudice" prong requires that a petitioner "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.; Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995) (citing Hill, 474 U.S. at 59-59). In establishing such standard, the Hill Court underscored the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58.

      The Court notes initially that Petitioner has not sought to retract his guilty plea. Instead, he suggests two independent bases for relief on the grounds that his appointed counsel was ineffective. First, Petitioner suggests that he pled guilty in exchange for a promised sentence of between 41 and 51 months and improperly received a 70 month sentence. Secondly, Petitioner contends that Blakely v. Washington allegedly operated to invalidate Plaintiff's sentence. Plaintiff asserts, with virtually no specificity, that immediately after Blakely was announced "he understood that counsel would file a notice of appeal within the ten days allowed in the district court, in order for the raising of issue for appeal under Blakely v. Washington." (Doc. No. 32.)

      Petitioner's claim of ineffective assistance of counsel must be rejected. Even construing Petitioner's arguments liberally, the record developed before this Court, coupled with a sworn affidavit from Petitioner's trial counsel, demonstrate that Petitioner fails to satisfy either prong of Strickland. Petitioner's contention that he "agreed to plead guilty on [the] condition that he be sentenced within the range of 41 to 51 months" is totally undermined by the terms of the plea agreement and the transcript of the guilty plea colloquy. The plea agreement expressly provides that the maximum sentence that could be imposed for the crime charged was 20 years

imprisonment, and the plea agreement advised Petitioner that the Court was free to impose any sentence it found to be warranted, up to and including the maximum sentence allowable under the applicable statute. Paragraph 15 of the plea agreement further provides:

> If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

(Doc. No. 13, Plea Agreement, ¶ 15.) Petitioner, represented by counsel, signed the plea agreement on February 12, 2004, and in so doing acknowledged that he "carefully reviewed every part of [the plea agreement] with [his] attorney" and Petitioner's counsel signed the agreement to acknowledge that he "carefully reviewed every part of [the plea] agreement with the defendant." (Id. at 12.) Counsel for the Government amplified this understanding during the guilty plea colloquy when he stated on the record that "the plea agreement provides, and I believe the defendant understands, that the Court is free to impose any lawful sanction it deems appropriate." (Change of Plea Tr. at 10.) At no time did Petitioner or his counsel challenge this assertion, which is otherwise supported throughout the record and by the terms of the plea

agreement Petitioner signed voluntarily.[2] The Court cannot find that Petitioner has asserted a viable claim under Strickland on the basis that he believed he was pleading guilty in exchange for a sentence of 41 to 51 months, where the plea agreement and the record before the Court do not provide any support for this belated claim. The fact that Petitioner's lawyer at one time apparently advised Petitioner incorrectly that he would likely receive a sentence of between 41 and 51 months imprisonment does not change this result in the face of substantial evidence demonstrating that Petitioner was advised on multiple occasions that he could receive a sentence of up to 20 years in prison, and where this Court made clear to Petitioner that it was not bound by the terms of the plea agreement.

The Court similarly must reject Petitioner's unsupported assertion that his counsel was ineffective because he allegedly failed to take a timely appeal of Petitioner's conviction and sentence. Petitioner never in fact states that he instructed his attorney to file an appeal, nor does he specify what steps he took to express an interest in filing an appeal.[3] Indeed, Petitioner has pointed to no evidence to support his assertion – made for the first time 18 months after his

---

[2]     The Government has submitted a letter from Petitioner's counsel to the Petitioner dated February 21, 2004 in which counsel appears to have erroneously calculated Petitioner's sentencing range between 41 and 51 months. (Doc. No. 40, Ex. A.) This mistake notwithstanding, subsequent events unquestionably served to rectify counsel's error, and to make clear to Petitioner that he could receive a sentence of up to 20 years in prison, which would be imposed by the Court, which was not bound by the terms of the plea agreement. During the guilty plea colloquy with this Court, Petitioner was advised that "[T]he only thing we know for sure about your sentence is that you'll never get more than the maximum that's called for by law . . . but also we don't know for sure what your sentence is going to be. So when you enter a guilty plea, you enter it understanding that there is a question mark about your sentence, what the exact sentence that you're going to be drawing will be." (Change of Plea Tr., at 13.)

[3]     Instead, Petitioner merely states that "despite Petitioner's effort to demonstrate his interest in appeal, counsel failed to file notice of appeal." (Doc. No. 32.)

sentence became final – that he ever instructed his attorney to file an appeal on the grounds that the sentence imposed was unlawful under Blakely.  In contrast, Petitioner's counsel has submitted an affidavit in which he attests that Petitioner never requested or directed him to file an appeal on any grounds.  (See Doc. No. 41, Ex. B, Aff. of Gregory B. Abeln, at 2) ("At no time did the defendant ask or instruct me to file an appeal. . . . I never received any request for an appeal other than his request for sentencing clarification.").  The Court does not credit Petitioner's assertion that he sought to have his attorney file an appeal of Petitioner's conviction and sentence on the grounds that the sentence was imposed in violation of the Supreme Court's subsequently-rendered decision in Blakely, as the timing of Petitioner's claim coupled with trial counsel's sworn affidavit discredit Petitioner's bald allegation.[4]

### C. United States v. Booker

Petitioner argues additionally that his "sentencing judgment is void as declared by the Supreme Court of the United States on January 12, 2005 . . . where the Act of Congress, P.L. 98-473, is unconstitutionally invalid in its mandatory provisions, thus repealing and replacing with old law." (Doc. No. 32, at 5.)  It would appear Petitioner is claiming that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) operated to invalidate the mandatory provisions of the United States Sentencing Guidelines, and that this decision should apply retroactively to invalidate Petitioner's sentence.  The United States Court of Appeals for the Third Circuit has considered and rejected exactly such an argument, holding that the rule of law announced in Booker regarding the constitutionality of the United States Sentencing Guidelines

---

[4] Having found that Petitioner has failed to make a satisfactory showing regarding the first prong of Strickland, the Court finds it unnecessary to consider the second prong – i.e., whether the asserted error of counsel's failure to file an appeal actually prejudiced Petitioner.

does not apply retroactively:

> Because <u>Booker</u> announced a rule that is "new" and "procedural," but not "watershed," <u>Booker</u> does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date <u>Booker</u> issued.

<u>Lloyd v. United States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005). Judgment against Petitioner was entered on June 23, 2004, and his conviction and sentence became final as of July 4, 2004, after Petitioner failed to file a timely appeal of his conviction and sentence. Accordingly, because Petitioner's judgment became final long before January 12, 2005, <u>Booker</u> is not retroactively applicable to Petitioner's § 2255 petition, and affords Petitioner no relief. <u>Id.</u>

    For all of the reasons set forth in this memorandum, the Court finds that Petitioner's motion to vacate, set aside, or correct his sentence must be denied without a hearing. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 1:04-CR-8** |
| v. : | |
| : | **(Judge Kane)** |
| **MICHAEL RICHMAN,** : | |
| Petitioner : | |
| : | |

## ORDER

**AND NOW**, this 5th day of July, 2006, upon due consideration and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. 32) is **DENIED**.

　　　　　　　　　　　　　　　　　　　s/ Yvette Kane
　　　　　　　　　　　　　　　　　　　Yvette Kane
　　　　　　　　　　　　　　　　　　　United States District Judge